# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TYREIK DAYSHOW JACKSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00127 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **NRADC, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| ) | |
| Defendants. ) | |

*Tyreik Jackson, Pro Se Plaintiff.*

The plaintiff, Tyreik Jackson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials failed to provide him unspecified medical care and falsely charged him with rule violations. After review of the Complaint, I conclude that the action must be summarily dismissed.

Jackson states that he is confined at the Northwestern Regional Adult Detention Center (NRADC) in Winchester, Virginia. The factual allegations are sparse: "They denied me medical assistance on numerous occasions. Only Nurse Adasnidt helps me & the tall dude that works nights. The rest all deny me 4 no reason." Compl. 2, ECF No. 1. A completely unrelated claim alleges: "OFC. McDonald harasses me nonstop! . . . Every time he works any unit I'm on he

bothers me & charges me w[ith] bullshit violations." *Id.* Jackson's Complaint names as defendants NRADC, its medical staff, and Officer McDonald. As relief, he states: "I would like the nurses & OFC's to actually do their job & actually help us inmates." *Id.* at 3. Jackson also attaches some nearly illegible copies of inmate request forms about unrelated matters.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

As an initial matter, Jackson cannot sue the NRADC under § 1983. A jail facility itself cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992).

Jackson also states no claim against the medical staff as a group. To state a claim against a medical staff person, he must state facts showing that this individual knew of or was personally involved in the alleged constitutional violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Moreover, inmates are not constitutionally entitled to whatever medical care they desire. Only "deliberate indifference to an inmate's serious medical needs

constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To prove deliberate indifference, Jackson must show that, subjectively, the defendant prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Alleged negligence, errors in judgment, inadvertent oversights, or disagreements about the prisoner's treatment are not enough to support a finding of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Jackson has not alleged facts showing that he has experienced any serious medical needs while confined at NRADC. Certainly, he has not shown that any particular individual knew of and disregarded such a need. Therefore, I will summarily dismiss his claims that anyone has violated his constitutional rights by denying him medical care.[1]

Finally, Jackson's claims against Officer McDonald must be dismissed. His claims against this defendant are based on generalized and meaningless phrases, without any dates, times, or other details to allow the defendant to respond. "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements

---

[1] Jackson's Complaint does not state whether he was a convicted prisoner or a pretrial detainee at the time he sought medical care. If he was a pretrial detainee, his medical claim would be analyzed differently, under the Due Process Clause of the Fourteenth Amendment. *Williamson v. Stirling*, 912 F.3d 154, 173–74 (4th Cir. 2018). Regardless of his status and the analysis employed, his sparse allegations fail to state a claim against anyone concerning denial of medical care.

of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (internal quotation marks and citations omitted).

For the stated reasons, I will dismiss this civil action without prejudice, pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: May 9, 2023

/s/ JAMES P. JONES
Senior United States District Judge